FILED
SUPERIOR COURT
OF GUAM

2024 APR -8 AM 11: 36

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ALFRED ACE RUBEN,**<br>aka "Red Martin"<br>DOB: 11/20/2002<br><br>Defendant. | Criminal Case No. **CF0535-23**<br>GPD REPORT NO. 22-17268/22-28664/23-19027<br><br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO SEVER CHARGES** |

## INTRODUCTION

This matter is before the Honorable Alberto E. Tolentino on March 21, 2024, for a continued hearing on Defendant Alfred Ace Ruben's ("Defendant") Motion to Sever Charges ("Motion"). All parties were present at the hearing in person. The Defendant was present with counsel Isa Baza. Assistant Attorney General Kristine Borja was present on behalf of the People of Guam ("People"). Having duly considered the parties' briefs, oral arguments, and the applicable case law, the Court now issues the following Decision and Order and **GRANTS** the Defendant's Motion.

## BACKGROUND

On or about July 2, 2022, the Defendant allegedly damaged the motor vehicle of Winner William in Dededo, using a silver baseball bat. Mag.'s Compl. Decl., Aug. 12, 2023.

On or about November 6, 2022, the Defendant allegedly damaged the motor vehicle of Panuel Ruben in Yigo, using a "medium sized rock." *Id.* On or about August 4, 2023, the Defendant allegedly operated an automobile in Dededo, belonging to Stanley Hallers, without his consent. *Id.* The Defendant was subsequently interviewed and arrested a week later. Ppl.'s Opp., Mar. 5, 2024. Based on these events, the Defendant was charged with: (1) Two Counts of CRIMINAL MISCHIEF (As a 3rd Degree Felony); and (2) UNAUTHORIZED USE OF A MOTOR VEHICLE (As a Misdemeanor). Indictment, Aug. 12, 2023.

The Defendant filed a Motion to Sever Charges due to a misjoinder of the offenses charged. Deft. Mot. to Sever, Feb. 21, 2024. The People filed its Opposition to the Defendant's Motion on March 5, 2024. The Defendant subsequently filed his Reply to the People's Opposition on March 13, 2024. On March 21, 2024, the Court heard oral arguments on the Motion, and took the matter under advisement. Mot. Hrg. Min. at 11:04:49 AM, Mar. 21, 2024.

## DISCUSSION

"Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35(a). This Guam statute was originally sourced from Rule 8 of the Federal Rules of Criminal Procedure. Therefore, this Court may use federal authority to interpret and guide the application of 8 G.C.A. § 55.35(a) to this case.

In *U.S. v. Jawara*, the defendant was indicted for document fraud and marriage fraud conspiracy. *U.S. v. Jawara*, 474 F.3d 565, 570 (9th Cir. 2007). The superseding indictment

alleged that the defendant made false statements to questions regarding his nationality and birthplace on an Immigration and Naturalization Service form. *Id*. Prior to the trial, the defendant moved to sever the two counts, asserting misjoinder under Federal Rule of Criminal Procedure 8(a) and prejudicial joinder under Federal Rule of Criminal Procedure 143. *Id*. at 571. Although the district court denied the motion, the Ninth Circuit Court of Appeals held that the two charges were improperly joined as they were neither part of the common scheme or plan nor were they of the same or similar character. *Id*. at 575–79. The Court based its holding on different approaches to analyzing whether joinder is proper in a case.

When determining whether the offenses are of the "same or similar character," the court in *Jawara* considered the following factors: the elements of the statutory offenses; the temporal proximity of the acts; the likelihood and extent of evidentiary overlap; the physical location of the acts; the modus operandi of the crimes; and the identity of the victims. *Jawara*, 474 F.3d at 578. While the weight given to a particular factor depends on the specific context of the case and the allegations in the indictment, the similar character of the joined offenses should be either readily apparent or reasonably inferred from the face of the indictment. *Id*. In *Jawara*, the court concluded that the only similarity discernible from the indictment was that both counts involved immigration, which cannot, in and of itself, justify joinder. *Id*. at 579 (citation omitted).

To determine whether the offenses are part of a common scheme or plan, the court asked whether "[c]omission of one of the offenses [ ]either depended upon [ ]or necessarily led to the commission of the other; proof of the one act [ ]either constituted [ ]or depended upon proof of the other." *Jawara*, 474 F.3d at 574 (emphasis in original) (citations omitted). In applying this approach, the court in *Jawara* found no direct connection between the document

fraud and marriage fraud conspiracy other than the defendant's participation in both events. *Id.* at 575.

## A. The joinder in this case was improper.

The Defendant specifically argues that the joinder of the three separate offenses was improper and prejudicial, because "each count pertains to different circumstances, witnesses, victims, events, and therefore different theories and defenses." Deft. Mot. to Sever, Feb. 21, 2024. The People argue that while the date of the incidents and the victims for each charge are for different dates and victims, each involve similar conduct and are part of the same overall investigation. Ppl.'s Opp., Mar. 5, 2024. The People also add that the Defendant was interviewed by the same officer and subsequently arrested for all three offenses. *Id.* at 3–4. However, the Defendant replied to the People's opposition that all three reasons the People cited in support of the joinder being proper are "incidental and irrelevant to the facts and circumstances of each charge." Reply, Mar. 13, 2024. The Court begins its analysis by determining whether the joinder was proper in this case.

### 1. The crimes were not of the "same or similar character."

Applying the analysis in *Jawara*, there is no same or similar character of the joined offenses in this case that is either readily apparent or reasonably inferred from the indictment. For instance, different elements of proof must be met for each charge in this case. To prove the offense of Criminal Mischief, the People must show that the Defendant intentionally damaged the motor vehicle of another. 9 G.C.A. § 34.50(d). For the offense of Unauthorized Use of a Motor Vehicle, the People must prove that the Defendant "operate[d] an automobile, aircraft, motorcycle, motorboat or other motor propelled vehicle or vessel, or sailboat, without consent of the owner or other person authorized to give consent." 9 G.C.A. § 43.65(a).

The offenses also took place in three separate residences across two different villages of Guam. While the first and second counts of the first charge allegedly occurred in July and November of 2022 respectively, the second charge allegedly took place in August of 2023. Indictment, Aug. 12, 2023. Based on the dates of the events, it is unlikely that evidence of any of the offenses overlapped with the others because each event occurred between four to nine months apart from the other.

Additionally, there does not appear to be a particular way or method of doing the crimes which was characteristic of the Defendant. Although both counts of Criminal Mischief involve damaging a vehicle with a weapon, one count involved a silver baseball bat, while the other count involved a medium-sized rock. Mag.'s Compl. Decl., Aug. 12, 2023. The second charge also did not involve any weapon to operate the vehicle.

Further, none of the victims are similar in relation to the defendant. It appears that the first victim only knew of the Defendant through his daughter, Love William. *Id.* The second victim was the Defendant's uncle; the only victim that was related to the Defendant. *Id.* And the third victim appeared to be a stranger to the defendant. *Id.* In considering the factors that the court in *Jawara* applied in its reasoning, this Court finds that the offenses were not of the same or similar character to justify joinder in this case.

**2. The alleged crimes did not constitute part of a "common scheme or plan."**

When applying the *Jawara* court's analysis for joinder of crimes as parts of a common scheme or plan, none of the alleged offenses depended upon or necessarily led to the commission of the other; nor does proof of one offense constitute or depend upon proof of the other. There is no direct connection to the alleged offenses that occurred at different times of the year within different villages, and involved different victims with their own set of

circumstances. The damage to William's car window in July 2022, the damage to Ruben's window in November 2022, or the unauthorized use of Hallers's vehicle in August 2023 did not depend on or lead to the commission of each other. These were three disparate, unrelated instances of criminal conduct whose only commonality is that it involved another person's vehicle.

Therefore, the Court finds that the three charged offenses were not parts of a common scheme or plan. Because the joined offenses are not of the same or similar character, or part of a common scheme or plan, joinder in this case was improper.

**B. The appropriate remedy for misjoinder is severance of the charges.**

In the Defendant's Motion and Reply, he seeks severance of the charges and separate trials because of the improper joinder and its prejudicial effects. Deft. Mot. to Sever, Feb. 21, 2024; Reply, Mar. 13, 2024. "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for a trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." 8 G.C.A. § 65.35.

Because joinder of the offenses in this case is improper, the Court finds that severance and subsequent adjudication of each offense in this case is appropriate.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion to Sever the Charges and **ORDERS** the adjudication of each subsequent to the other.

SO ORDERED, this _____ day of _____



APR 0 8 2024

_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam